UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-80128-CR-CANNON

UNITED STATES OF AMERICA,

    v.

LUCKSON VALMIR,

    Defendant.
_____/

## RELEASE ORDER

This matter is before the Court upon the Government's motion to detain Defendant Luckson Valmir without bond pending trial in accordance with 18 U.S.C. § 3142, commonly known as the Bail Reform Act of 1984. The Defendant is charged by Indictment with being a felon in possession of a firearm and ammunition. ECF No. 7. The Government moved for pre-trial detention on the basis of risk of nonappearance and danger to the community. I held a detention hearing on November 3, 2021, and, after stating reasons on the record, I ordered the Defendant released on conditions. ECF No. 18.

At the Government's request, I stayed the release order under Local Magistrate Judge Rule 4. The Government filed a Motion to Revoke the bond order on November 5, 2021. *Id.* The Government filed a Motion to Revoke the release order on November 5, 2021. ECF No. 19. This Order summarizes and further explains my

1

determination that there was a combination of conditions that would reasonably assure the Defendant's appearance as required and reasonably assure the safety of any other person and the community.

## I.   THE BAIL REFORM ACT

An arrested individual must be brought before a judicial officer "without unnecessary delay." Fed. R. Crim. P. 5(a)(1)(A). The person is entitled to a judicial determination whether she will (1) be released on personal recognizance or an unsecured appearance bond, (2) be released on a condition or combination of conditions, (3) detained temporarily to permit revocation of conditional release, deportation, or exclusion, or (4) detained pending trial. 18 U.S.C. § 3142(a). Under limited circumstances, the Government can request a pretrial detention hearing, at which the court must determine "whether any condition or combination of conditions . . . will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

At the detention hearing, the court must consider the following factors:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—

(A) the person's character, physical and mental condition, family ties,

2

      employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

  (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

    A defendant can be detained only if the court determines that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). The Government must establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the Defendant's appearance as required. *United States v. Medina*, 775 F.2d 1398, 1402 (11th Cir. 1985). Clear and convincing evidence is required to support a finding that no condition or combination of conditions will reasonably assure the safety of others or the community. 18 U.S.C. §3142(f)(2); *see id.* The relevant inquiry is whether "an arrestee presents an identified and articulable threat to an individual or the community." *United States v. Salerno,* 481 U.S. 739, 751 (1987). A party meets the "clear and convincing" standard only when it "place[s] in the ultimate factfinder an abiding conviction that the truth of its factual contentions are 'highly probable'."

3

*Colorado v. New Mexico,* 467 U.S. 310, 316 (1984); *Int'l Seaway Trading Corp. v. Walgreens Corp.,* 599 F. Supp. 2d 1307, 1313 (S.D. Fla.) (J. Ryskamp), *aff'd in part, vacated in part*, 589 F.3d 1233 (Fed. Cir. 2009) (citations omitted)

The Court engages in a two-part inquiry. First, the Court must assess the extent of any risk of non-appearance and danger to the community. Second, even if there is *some* risk of nonappearance and/or a risk of danger to the community, detention is only warranted if those risks cannot be sufficiently mitigated by conditions of release. And, those risks need not be mitigated completely. A person cannot be detained if there are conditions that would *reasonably assure* their appearance and the safety of the community.

If the Court determines that release on conditions is appropriate, it must impose "the least restrictive further condition, or combination of conditions," that will reasonably assure the Defendant's appearance and the safety of the community. 18 U.S.C. § 3142(c)(1)(B); *United States v. Price,* 773 F.2d 1526, 1527 (11th Cir. 1985) (per curiam) (policy underlying the Bail Reform Act "is to permit release under the least restrictive condition compatible with assuring the future appearance of the defendant."). Those conditions may not include "a financial condition that results in the pretrial detention of the Defendant." 18 U.S.C § 3142(c)(2).

4

## II.   THE BOND

I ordered the Defendant released on a $50,000 personal surety bond with conditions. DE 18. The bond is to be co-signed by his god-brother Ishmail Valmir. In addition to standard conditions of release, such as no firearms, no contact with victims or witnesses, and no possession of a passport, I imposed special conditions pursuant to 18 U.S.C. § 3142(c)(1)(B). The Defendant is to live with Ishmail Valmir in Boynton Beach, Florida. He is to be on home detention with an electronic monitor. He may work for Ishmail Valmir's pressure cleaning company. Pretrial Services is authorized to search the residence to ensure that no firearms are present.

## III.   FINDINGS

The Government moved for a pretrial detention hearing (1) under 18 U.S.C. § 3142(f)(1)(E), because the charged offense involved possession of a firearm and, alternatively, (2) under 18 U.S.C. § 3142(f)(2)(A), because it alleged the Defendant posed a serious risk of flight. The Government was entitled to a pretrial detention hearing because the Indictment established probable cause that the Defendant committed an offense involving the possession of a firearm. *United States v. Hurtado,* 779 F.2d 1467, 1479 (11th Cir. 1985).[1]

---

[1] Because there was an independent basis for a detention hearing, I do not address whether the Government established that Luckson Valmir posed a serious risk of flight.

The Court makes the following findings regarding the § 3142(g) factors. These findings are based upon the evidence introduced at the pretrial detention hearing. The evidence at the hearing consisted of the Pretrial Services Report, the Criminal Complaint, the Indictment, the Government's proffer, Defendant's proffer, the testimony of Task Force Officer Raymond Lagor, and the parties' arguments.

1. **Nature and Circumstances of the Offense**

The Defendant is charged in a one-count Indictment with being a felon in possession of a handgun and 26 rounds of ammunition. The charge carries a 10-year maximum term of incarceration, followed by up to 3 years of supervised release, a $250,000 fine, and a $100 special assessment. The Government also seeks to forfeit the firearm and ammunition.

The circumstances of the offense are that on June 7, 2021, the defendant was a passenger in rear seat of a vehicle that was stopped for lack of a proper tag light. After the car was pulled over, but before the officer interacted with the occupants, the officer observed the defendant appear to place an object behind his seat. During a subsequent search of the car, the police recovered a .45 caliber handgun directly behind where the Defendant was sitting. On the floor in front of where he was sitting, the police recovered a backpack that contained seven rounds of 9mm ammunition, three debit cards in the Defendant's name, and two loaded .45 caliber magazines.

### 2. Weight of the Evidence

The weight of the evidence is strong. Ammunition was found in a backpack with the Defendant's debit cards. A firearm into which the ammunition could be loaded was located behind the Defendant's seat. The Defendant is a convicted felon.

### 3. History and Characteristics of the Defendant

The Court takes judicial notice of the Pretrial Services Report. The Defendant is 23 years old. He was born in Haiti. He has been in the United States since 2008. The record is unclear whether he is a naturalized citizen or a lawful permanent resident. His parents reside in Boynton Beach with his two minor children. His god-brother Ishmail Valmir also lives in Boynton Beach. The defendant did not graduate from high school.

The Defendant was shot in the stomach two years ago and has only one working kidney. He has a long history of using marijuana.

### 4. Defendant's Criminal History

The Defendant was charged in March 2018 with driving violations. Separately, he was charged in March 2018 with misdemeanor trespassing in a conveyance based on being in a car that he knew had been stolen. After he was arrested for failing to appear, both cases were resolved to a time-served plea in June 2018.

In April 2018, while the other charges were pending, the Defendant was arrested for attempted murder after a shooting incident. He pled guilty to the lesser charge of aggravated assault with a firearm. He was sentenced as a youthful offender and placed on probation. He stopped reporting to his probation officer and was eventually arrested for violating his probation. In October 2019, he was sentenced to 36 months in prison. He was released from prison in March 2021. He was arrested on these charged three months later by the State of Florida and was released on bond.

The Government proffered that on the day the Defendant was arrested on the federal charges (August 23, 2021), he was asleep in a truck owned by Ishmail Valmir where a .38 special firearm was located. Ishmail Valmir credibly testified that the gun did not belong to the Defendant.

**5. The Nature and Seriousness of the Danger to Any Person or the Community that would be posed by the Defendant's Release**

The Defendant's history of being involved in a shooting and his possession of a firearm suggest that he could present a danger to the safety of others.

## IV. DISCUSSION

### 1. Risk of Non-Appearance

The Defendant has failed to comply with court orders in the past, most notably by absconding from juvenile probation supervision. I found that this risk could be sufficiently mitigated by imposing electronic monitoring and requiring Ishmail Valmir to co-sign on the bond. I specifically questioned Ishmail Valmir about his willingness to take responsibility for the Defendant appearing in court as required, and about the financial risk to Ishmail Valmir if the Defendant failed to appear. Ishmail Valmir credibly explained that he understood these obligations and would make sure the Defendant appeared.

Even if he were motivated to not appear, the Defendant has no apparent ability to flee or to live surreptitiously. He has no savings. There is no indication in the record that he has other assets or means to support himself. He has been found to be indigent for purposes of legal representation.

In the face of these conditions, I found that a preponderance of the evidence did not support pretrial detention based on risk of non-appearance.

### 2. Danger to the Community

The Defendant poses a danger to the community only if he has access to firearms. Therefore, the bond conditions are structured to eliminate his access to firearms and to minimize his interactions with the general public. He is on home

9

detention with GPS monitoring of his movements. Either Ishmail Valmir or his wife will be home with the Defendant at all times. He can only leave the home to work in the presence of Ishmail Valmir. Pretrial Services can conduct unannounced searches of the residence to look for firearms. Taken together, these conditions reasonably prevent the Defendant from obtaining and using a firearm. With them in place, I do not have an abiding conviction that it is highly probable that the Defendant will harm another member of the community while on release. Therefore, the Government has not met its clear and convincing evidence burden.

## CONCLUSION

The Government is rightly concerned because the Defendant committed a violent crime in the recent past and has now twice been found in close proximity to firearms. He certainly poses a risk of danger to the community. But, that is not the ultimate question. The ultimate question is whether conditions of release sufficiently mitigate that risk such that his appearance in court is *reasonably* assured and the safety of the community is *reasonably* assured. I find that the stringent conditions imposed here meet that standard.

For the foregoing reasons, it is hereby **ORDERED** that the Government's oral motion for Pretrial Detention is **DENIED**.

**DONE and ORDERED** in Chambers this 9th day of November, 2021, at West Palm Beach in the Southern District of Florida.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE